# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7752 | **DATE** | 3/22/2001 |
| **CASE TITLE** | Robert Johnson vs. Apna Ghar, Inc., et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Apna Ghar's motion to dismiss is granted. (7-1) This action is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | MAR 23 2001 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| | Docketing to mail notices. | | IS | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/22/2001 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT JOHNSON,           )
                          )
         Plaintiff,       )
                          )
    v.                    )   No. 00 C 7752
                          )
APNA GHAR, INC., et al.,  )
                          )
         Defendants.      )

MEMORANDUM OPINION AND ORDER

These days the late great constitutional scholar William Winslow Crosskey must be uneasy in his grave. Even during his lifetime he was a prophet without honor in his own country, for his reasoned views on the meaning of the Constitution were perceived as revolutionary.[1] Since then his scholarship has gone largely without notice, but at least the United States Supreme Court-- albeit by an odd route in Professor Crosskey's view--had retained a broad-scope reading of the Commerce Clause that came within haling distance of the complete congressional authority over commerce in the global sense (extending to all gainful commercial activity within the United States) that Professor Crosskey had urged on the basis of strong historical evidence (see Chapters II through XII in Crosskey's Politics and the

---

[1] This bad pun is wholly intentional: No scholar has ever replicated Professor Crosskey's in-depth study of all existing documents and cases, both backward and forward from the period of the Revolutionary War through and well beyond the adoption of the Constitution and the Bill of Rights, as the springboard for his meticulously developed theses of constitutional interpretation.



Constitution in the History of the United States).

But most recently a Supreme Court majority has retreated significantly from what had been viewed as the established reach (already narrowed from the Crosskeyan perspective) of the Commerce Clause. Beginning with United States v. Lopez, 514 U.S. 549 (1995) a sharply different reading has emerged, manifested most recently (and most significantly for purposes of this case) in United States v. Morrison, 120 S.Ct. 1740 (2000).[2]

This case presents an effort by Robert Johnson ("Johnson") to impose Title VII liability on Apna Ghar, Inc. ("Apna Ghar"). Apna Ghar responds that it is not a Title VII employer because it is not "engaged in an industry affecting commerce" (42 U.S.C. §2000e(b)). In turn Johnson's counsel retorts by pointing to some things said in Apna Ghar's website (www.apnaghar.org), which was supplemented by other documents produced by Apna Ghar during early discovery. And Johnson has attached as Ex. A to his Response to Defendant's Motion To Dismiss what he perceives to be the relevant documents among those produced.

---

[2] It strikes this Court as particularly ironic that such curbs on the power of the national government are aggressively pursued by the organization of lawyers that has dubbed itself the Federalist Society, when it was after all the Federalists in our early constitutional times who were in precisely the opposite corner. That inversion of the meaning of language brings to mind the use of doublespeak in Orwell's 1984-- or to look back at an analogy more consonant with the early period in our country's history, the British Army band's playing of "The World Turned Upside Down" to accompany General Cornwallis' surrender to General Washington at Yorktown.

2

But the problem with Johnson's position is that the very materials on which he seeks to rely show that "Apna Ghar is a domestic violence shelter serving primarily Asian women and children" (Ex. A at 2) and that it is very much an intrastate operation--it was not only formed as an Illinois not-for-profit corporation but also has its location here in Chicago. And the clear teaching of <u>Morrison</u> (especially 120 S.Ct. at 1752-54) is that it would impermissibly stretch the Commerce Clause to read that provision (which is the source of power for the enactment of Title VII) as extending to such Apna Ghar activity.

That conclusion is not altered a whit by the added fact that Apna Ghar has listed on its website an out-of-state as well as an Illinois hotline telephone number (Ex. A at 3), or the added fact that non-Illinois universities have worked with Apna Ghar (as listed under "Research and Internship Opportunities" on Ex. A at 5), or the added fact that its <u>donors</u> include companies that are themselves in interstate commerce (Ex. A at 6), or the added fact that its website also lists a few other organizations that are available to provide related services elsewhere (Ex. A at 13). None of those things, either singly or collectively, brings Apna Ghar into the realm of "an industry affecting commerce" as viewed through the <u>Morrison</u>-dictated lens.

This Court is of course duty bound to adhere to <u>Morrison</u> and its underlying premise. In those terms it is compelled to, and

3

it does, grant Apna Ghar's motion. This action is indeed dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 22, 2001